## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **BOULDER FALCON, LLC, a Utah limited liability company,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:22-cv-00042-JNP-JCB** |
| **ROBERT BROWN, an individual; IFLYAJET, INC., a Georgia corporation; and GEYER AVIATION, LLC, a Pennsylvania limited liability company,** | **District Judge Jill N. Parrish** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants Robert Brown and IFLYAJET, Inc.'s (collectively, "Brown Defendants") motion to stay discovery.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court denies the Brown Defendants' motion.

---

[1] ECF No. 8.

[2] ECF No. 31.

## BACKGROUND

Plaintiff Boulder Falcon, LLC ("Boulder Falcon") filed its original complaint in this action on January 20, 2022.[3] On February 11, 2022, the Brown Defendants filed a motion to dismiss, or in the alternative, to transfer venue.[4] Three days later, Boulder Falcon filed an amended complaint.[5]

On February 28, 2022, the Brown Defendants filed another motion to dismiss, or in the alternative, to transfer venue.[6] In their motion, the Brown Defendants seek dismissal of all of Boulder Falcon's claims for lack of subject matter jurisdiction. Alternatively, the Brown Defendants seek dismissal of several of Boulder Falcon's claims for failure to state claims upon which relief can be granted. As another alternative, the Brown Defendants seek dismissal of all of Boulder Falcon's claims for improper venue or transfer of venue to the United States District Court for the Northern District of Georgia.

The parties' counsel participated in a Fed. R. Civ. P. 26(f) conference on March 2 and 4, 2022. During that conference, the Brown Defendants' counsel asserted that discovery should not begin until their dispositive motion is decided. Boulder Falcon's counsel disagreed. Consequently, on March 7, 2022, the parties filed an Attorney Planning Meeting Report outlining their disagreements concerning the commencement of discovery and other scheduling

---

[3] ECF No. 2.

[4] ECF No. 11.

[5] ECF No. 12.

[6] ECF No. 14.

deadlines,[7] along with a stipulated motion for a scheduling conference.[8] The following day, the court granted that stipulated motion[9] and set a scheduling conference for March 15, 2022.[10]

During the scheduling conference,[11] the court determined, among other things, that entering a scheduling order to move this case forward was appropriate, notwithstanding the Brown Defendants' pending dispositive motion. The court noted that even though the Brown Defendants' request to delay discovery was essentially a motion to stay discovery, the Brown Defendants had not formally filed such a motion, and, consequently, the issue of staying discovery was not properly before the court. Accordingly, on March 17, 2022, the court entered a scheduling order.[12]

The following day, the Brown Defendants filed their motion to stay discovery.[13] Consistent with their position at both at the Rule 26(f) conference and during the scheduling conference, the Brown Defendants argue that discovery should be stayed until the court rules upon their dispositive motion. In support of that argument, the Brown Defendants contend that: (1) their dispositive motion is "likely to be dispositive of the case," and, even if it is not, it is "likely" to simplify the issues by narrowing the scope of discovery because certain claims "could

---

[7] ECF No. 17.

[8] ECF No. 18.

[9] ECF No. 20.

[10] ECF No. 19.

[11] ECF No. 27.

[12] ECF No. 28.

[13] ECF No. 31.

be dismissed";[14] and (2) they will be significantly burdened if a stay of discovery is not granted, and Boulder Falcon will not be prejudiced by such a stay.

Boulder Falcon opposes the Brown Defendants' motion.[15] Relying heavily upon *Classic Aviation Holdings LLC v. Harrower*,[16] Boulder Falcon primarily argues that the Brown Defendants have not carried their burden of showing a strong necessity for a stay of discovery.

## LEGAL STANDARD

"District courts 'have broad discretion in deciding whether to issue a stay of discovery.'"[17] When considering a motion to stay, the court is mindful that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[18] Accordingly, a party seeking a stay "must make a strong showing of necessity because the relief would severely affect the rights of others."[19] "That is, 'if even a fair possibility exists that the stay would damage

---

[14] *Id*. at 4.

[15] ECF No. 34.

[16] No. 2:20-CV-00824-RJS-JCB, 2021 WL 633587 (D. Utah Feb. 18, 2021).

[17] *Id*., at *2 (quoting *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-CV-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015) (other quotations and citation omitted).

[18] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (alteration in original) (quotations and citation omitted); *see also Classic Aviation*, 2021 WL 633587, at *2 (same); *White Knuckle*, 2015 WL 5022579, at *1 (same).

[19] *Commodity Futures*, 713 F.2d at 1484; *see also Classic Aviation*, 2021 WL 633587, at *2 (same); *White Knuckle*, 2015 WL 5022579, at *1 (same).

another party,' the movant 'must demonstrate a clear case of hardship or inequity.'"[20] Thus,
"[t]he party seeking a stay generally faces a difficult burden."[21]

## ANALYSIS

As an initial matter, the court notes that the Brown Defendants rely upon an incorrect
standard for determining whether a stay is appropriate. Specifically, the Brown Defendants
present arguments concerning: "'(1) whether granting a stay would likely simplify the issues
before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties.'"[22]
As noted in *Classic Aviation*, the Brown Defendants reliance upon that standard is misplaced
because "courts typically look to those factors only when deciding whether to grant a stay
pending the result of another proceeding."[23] Because there is no other proceeding pending here,
"the court applies the 'strong showing of necessity' standard" outlined above.[24]

Turning to the merits of the Brown Defendants' motion, the court finds *Classic Aviation*
particularly instructive.[25] The defendants in that case presented arguments in support of a motion

---

[20] *Classic Aviation*, 2021 WL 633587, at *2 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

[21] *White Knuckle*, 2015 WL 5022579, at *1 (quotations, citations, and footnote omitted).

[22] *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561, at *1 (D. Utah Oct. 30, 2017) (quoting *Lifetime Prods., Inc. v. Russell Brands, LLC*, No. 1:12-cv-26 DN, 2013 WL 5408458, at *2 (D. Utah Sept. 25, 2013)); *see also Nat'l Staffing Sols., Inc. v. Nat'l Staffing Specialists, LLC*, No. 2:20-CV-00534, 2020 WL 6149916, at *2 (D. Utah Oct. 20, 2020).

[23] *Classic Aviation*, 2021 WL 633587, at *2 (citing cases) (footnote omitted).

[24] *Id*.

[25] The court acknowledges the cases the Brown Defendants have cited wherein discovery was delayed or stayed pending a ruling on a dispositive motion. *Farm Bureau Prop. & Cas. Ins. Co. v. Sparks*, No. 1:20-CV-00044-JNP-JCB, 2020 WL 4674148, at *1 (D. Utah Aug. 12, 2020); *Craft Smith, LLC v. EC Design, LLC*, No. 2:16-CV-01235-DB-PMW, 2018 WL 1725465, at *1

to stay that are similar to the Brown Defendants' arguments here. Indeed, the defendants in *Classic Aviation* argued, *inter alia*, that a stay was appropriate because: (1) "jurisdictional and venue challenges . . . should be resolved before discovery proceeds"; (2) "the permissible scope of discovery could be impacted by the possible dispositive nature" of the defendants' motion to dismiss; and (3) "a temporary stay [would] not cause undue delay or hardship" to the plaintiff.[26] The *Classic Aviation* court rejected those arguments,[27] and, as shown below, this court rejects the Brown Defendants' arguments here for the substantially the same reasons.

First, the Brown Defendants contend that the portion of their dispositive motion seeking dismissal for lack of subject matter jurisdiction is "likely to be dispositive of the case."[28] That argument fails because "the mere filing of a potentially dispositive motion based on jurisdictional grounds does not provide a basis for the court to grant a stay of discovery."[29] The Brown Defendants' claim that it is "likely" that their dispositive motion will be successful is an assumption that is inadequate to justify imposing a stay on discovery.[30]

---

(D. Utah Apr. 6, 2018); *Rupp v. Transcon. Ins. Co.*, No. 2:07-CV-333-TC-PMW, 2008 WL 3193069, at *1 (D. Utah Aug. 6, 2008). However, given the similarity between the instant case and *Classic Aviation*, the court finds *Classic Aviation* to be more persuasive and instructive than the cases cited by the Brown Defendants.

[26] *Classic Aviation*, 2021 WL 633587, at *1.

[27] *Id.*, at *2-4.

[28] ECF No. 31 at 4.

[29] *Classic Aviation*, 2021 WL 633587, at *2 (citing *Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *11 (D.N.M. May 13, 2015) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction)).

[30] *Id.* ("At this stage of the litigation, it is not certain Defendants' Motion to Dismiss will be successful, and Defendants cannot rely on the assumption they will later prevail on the merits to attempt to stay discovery proceedings now." (citing *White Knuckle*, 2015 WL 5022579, at *3);

Second, the Brown Defendants assert that even if their dispositive motion does not dispose of this entire case, it is "likely" to simplify the issues by narrowing the scope of discovery because certain claims "could be dismissed."[31] That argument fails because it again assumes that the Brown Defendants' dispositive motion will be successful, at least in part, which is not sufficient to obtain a stay of discovery.[32]

Third, the Brown Defendants argue that they will be significantly burdened if a stay of discovery is not granted. Importantly, however, the Brown Defendants present only conclusory statements concerning any burden imposed upon them,[33] which is insufficient to justify a stay of discovery.[34] The Brown Defendants main argument concerning the burden of discovery is that it

---

*White Knuckle*, 2015 WL 5022579, at *2-3 (concluding that "[a] party is not entitled to a stay by merely filing a dispositive motion and then claiming it is 'highly likely' the motion will be successful" and that "it would be inappropriate to issue a stay of discovery based only on one party's argument that its own [dispositive] motion is likely to be granted").

[31] ECF No. 31 at 4.

[32] The Brown Defendants raise two additional arguments to support their contention that a stay of discovery will simply the issues. First, the Brown Defendants claim that if their dispositive motion does not dispose of this case, they "may" assert counterclaims, crossclaims, and third-party claims. The Brown Defendants contend that discovery should not commence until they raise any such claims or affirmative defenses in their answer. That argument fails because, like the Brown Defendants' arguments concerning the success of their dispositive motion, it is speculative. Second, the Brown Defendants assert that commencing discovery may prejudice Defendant Geyer Aviation, LLC ("Geyer Aviation"), which has neither been served nor made an appearance in this case. That argument fails because the Brown Defendants cite no authority that would grant them standing to make arguments on Geyer Aviation's behalf. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977) ("In the ordinary case, a party is denied standing to assert the rights of third persons.").

[33] ECF No. 31 at 6.

[34] *Classic Aviation*, 2021 WL 633587, at *3 (refusing "to issue a blanket order staying all discovery proceedings when there is a possibility the case will continue" because the defendants had "not explained what discovery requests may be out of scope, impermissible, or

will be burdensome to third parties because Boulder Falcon has allegedly "stated its intention to

seek extensive discovery as to third parties, including subpoenas *duces tecum* to multiple third

parties and as many as eight depositions of third parties."[35] The Brown Defendants contend that

this will violate Fed. R. Civ. P. 45(d)(1), which imposes a requirement on Boulder Falcon to

"take reasonable steps to avoid imposing undue burden or expense on a person subject to [a]

subpoena." The Brown Defendants' argument is unavailing because the Brown Defendants do

"not have standing to object to a subpoena issued to a third party, unless [the Brown Defendants

have] a personal right or privilege with respect to the subject matter sought by the subpoena."[36]

Thus, any arguments under Fed. R. Civ. P. 45(d)(1) concerning undue burden or expense belong

to the parties subject to the subpoenas, and those parties have the option of moving to quash or

modify any subpoenas under Fed. R. Civ. P. 45(d)(3). For those reasons, the Brown Defendants

have failed to "'demonstrate a clear case of hardship or inequity'"[37] by being required to engage

in the discovery process.

    Finally, the Brown Defendants argue that Boulder Falcon will not be prejudiced by a stay

of discovery. The court disagrees. As noted above, "[t]he right to proceed in court should not be

---

burdensome"); *Fabara*, 2015 WL 3544296, at *11 (concluding that "[d]efendants in civil cases
face an uphill battle in putting the brakes on discovery," particularly when, among other things,
"the defendant has not shown how it will suffer prejudice from" the plaintiff's discovery
requests).

[35] ECF No. 31 at 4-5.

[36] *Richards v. Convergys Corp.*, No. 2:05-CV-00790DAK, 2007 WL 474012, at *1 (D. Utah Feb.
7, 2007) (citing cases).

[37] *Classic Aviation*, 2021 WL 633587, at *2 (quoting *Ben Ezra, Weinstein, & Co.*, 206 F.3d 980 at
987).

denied except under the most extreme circumstances."[38] For all the foregoing reasons, the Brown Defendants have failed to show that such circumstances exist here. Thus, imposing a stay would prejudice Boulder Falcon by denying it the right to proceed with its case.[39]

## CONCLUSION AND ORDER

As shown above, the Brown Defendants have failed to show "extreme circumstances"[40] or "'a clear case of hardship or inequity'"[41] that would carry their heavy burden of making "a strong showing of necessity"[42] to justify staying discovery. Therefore, the court DENIES the Brown Defendants' motion to stay discovery.[43]

DATED this 22nd day of April 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[38] *Commodity Futures*, 713 F.2d at 1484 (alteration in original) (quotations and citation omitted); *see also Classic Aviation*, 2021 WL 633587, at *2 (same); *White Knuckle*, 2015 WL 5022579, at *1 (same).

[39] *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, No. 215CV00119JNPEJF, 2017 WL 5241002, at *2 (D. Utah June 23, 2017) (denying a motion to stay discovery and concluding that "[d]elays of discovery hinder the 'just, speedy, and inexpensive determination of every action and proceeding'" (quoting Fed. R. Civ. P. 1)).

[40] *Commodity Futures*, 713 F.2d at 1484 (quotations and citation omitted).

[41] *Classic Aviation*, 2021 WL 633587, at *2 (quoting *Ben Ezra, Weinstein, & Co.*, 206 F.3d 980 at 987).

[42] *Commodity Futures*, 713 F.2d at 1484; *see also Classic Aviation*, 2021 WL 633587, at *2 (same); *White Knuckle*, 2015 WL 5022579, at *1 (same).

[43] ECF No. 31.