IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BOULDER FALCON, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWN, an individual; IFLYAJET, INC., a Georgia corporation; and GEYER AVIATION, LLC, a Pennsylvania limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00042-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Boulder Falcon, LLC's ("Boulder Falcon") motion to amend the scheduling order to extend the deadline for it to move for leave to amend its pleadings and add new parties.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Boulder Falcon's motion.

---

[1] ECF No. 8.

[2] ECF No. 37.

## BACKGROUND

Boulder Falcon filed its original complaint in this action on January 20, 2022.[3] On February 11, 2022, Defendants Robert Brown and IFLYAJET, Inc. (collectively, "Brown Defendants") filed a motion to dismiss, or in the alternative, to transfer venue.[4] Three days later, Boulder Falcon filed an amended complaint.[5] On February 28, 2022, the Brown Defendants filed another motion to dismiss, or in the alternative, to transfer venue,[6] which is currently pending before Judge Parrish.

The parties' counsel participated in a Fed. R. Civ. P. 26(f) conference on March 2 and 4, 2022. During that conference, the Brown Defendants asserted that discovery should not begin until their dispositive motion is decided. Boulder Falcon disagreed. Consequently, on March 7, 2022, the parties filed an Attorney Planning Meeting Report outlining their disagreements concerning the commencement of discovery and other scheduling deadlines,[7] along with a stipulated motion for a scheduling conference.[8] The following day, the court granted that stipulated motion[9] and set a scheduling conference for March 15, 2022.[10]

---

[3] ECF No. 2.

[4] ECF No. 11.

[5] ECF No. 12.

[6] ECF No. 14.

[7] ECF No. 17.

[8] ECF No. 18.

[9] ECF No. 20.

[10] ECF No. 19.

During the scheduling conference,[11] the court determined, among other things, that entering a scheduling order to move this case forward was appropriate, notwithstanding the Brown Defendants' pending dispositive motion. The court noted that even though the Brown Defendants' request to delay discovery was essentially a motion to stay discovery, the Brown Defendants had not formally filed such a motion, and, consequently, the issue of staying discovery was not properly before the court. Accordingly, on March 17, 2022, the court entered a scheduling order.[12] Relevant here, the court set a deadline of May 31, 2022, for Boulder Falcon to move for leave to amend its pleadings and add new parties.

The following day, the Brown Defendants filed a motion to stay discovery.[13] Consistent with their position at both the Rule 26(f) conference and during the scheduling conference, the Brown Defendants argued that discovery should be stayed until the court rules upon their dispositive motion. Boulder Falcon opposed the Brown Defendants' motion.[14] In an April 22, 2022 Memorandum Decision and Order, the court denied the Brown Defendants' motion.[15]

In late-March 2022, while the Brown Defendants' motion to stay discovery was pending, Boulder Falcon notified the Brown Defendants that it intended to issue subpoenas duces tecum to two non-parties, Falcon Group IV, LLC ("Falcon Group IV") and Brittany Enterprises, Inc. ("Brittany Enterprises"). Boulder Falcon also notified the Brown Defendants that it intended to

---

[11] ECF No. 27.

[12] ECF No. 28.

[13] ECF No. 31.

[14] ECF No. 34.

[15] ECF No. 36.

take Fed. R. Civ. P. 30(b)(6) depositions of both Falcon Group IV and Brittany Enterprises. The Brown Defendants agreed that those depositions could be scheduled for April 26, 2022. Consequently, Boulder Falcon issued notices for the depositions.

On April 8, 2022, the Brown Defendants notified Boulder Falcon that a conflict had arisen in their lead counsel's schedule, which necessitated postponing the depositions. Due to various other scheduling conflicts, the next available date for Falcon Group IV's deposition was May 11, 2022, and the next available date for Brittany Enterprises' deposition was May 17, 2022. Boulder Falcon issued new notices for the depositions to take place on those dates.

On May 5, 2022, the Brown Defendants notified Boulder Falcon that another conflict had arisen in their lead counsel's schedule, which required postponing Falcon Group IV's deposition. Ultimately, Falcon Group IV's deposition was rescheduled for May 25, 2022. Thus, despite originally scheduling the two depositions for April 26, 2022, Boulder Falcon was not able to conduct Brittany Enterprises deposition until May 17, 2022, and was not able to conduct Falcon Group IV's deposition until May 25, 2022, which left Boulder Falcon with only six days until its deadline to move for leave to amend its pleadings and add new parties.

During the same period that it sought to take the above-referenced depositions, Boulder Falcon also sought written discovery from Falcon Group IV. Boulder Falcon issued a subpoena duces tecum to Falcon Group IV in late-March 2022, setting a deadline of April 19, 2022, for Falcon Group IV to comply with the subpoena. Nevertheless, Falcon Group IV did not produce any responsive documents until May 3, 2022. During Falcon Group IV's deposition on May 25, 2022, it became apparent that Falcon Group IV had not fully complied with the subpoena. Later, on May 31, 2022—which was Boulder Falcon's deadline for moving for leave to amend its

4

pleadings and add new parties—Falcon Group IV notified Boulder Falcon that it would search for additional responsive documents and produce them to Boulder Falcon within several days. According to Boulder Falcon, Falcon Group IV did not produce the majority of its responsive documents until June 15, 2022.

Boulder Falcon also sought written discovery from the Brown Defendants. On April 5, 2022, Boulder Falcon served written discovery requests on the Brown Defendants, which set a deadline of May 5, 2022, for the Brown Defendants to produce responsive documents. In response, the Brown Defendants served objections and declined to produce responsive documents by May 5, 2022, instead stating that they expected to produce some responsive documents by May 23, 2022. Although the Brown Defendants produced some documents on that date, they also served supplemental discovery responses, in which they agreed to produce more responsive documents by June 1, 2022. According to Boulder Falcon, more than 70% of the Brown Defendants' responsive documents were not produced until after June 1, 2022.

Boulder Falcon now moves to amend the scheduling order to extend its deadline to move for leave to amend its pleadings and add new parties.[16] The Brown Defendants oppose the motion.[17]

## ANALYSIS

Because Boulder Falcon's motion was filed prior to the expiration of its deadline to move for leave to amend its pleadings and add new parties, it is governed, in part, by Fed. R. Civ. P.

---

[16] ECF No. 37.

[17] ECF No. 39.

6(b)(1)(A), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Boulder Falcon's motion is also governed by Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Thus, for Boulder Falcon's motion to succeed, it must show good cause under both rules.[18]

To establish good cause, the moving party must "show the deadline cannot be met despite the movant's diligent efforts."[19] "Good cause also obligates the moving party to provide an adequate explanation for any delay."[20] "[G]ood cause is likely to be found when the moving

---

[18] Although it has not explicitly done so, the United States Court of Appeals for the Tenth Circuit has implicitly held that the same good-cause standard applies when analyzing either Rule 6(b)(1) or Rule 16(b)(4). *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (applying the good-cause standard under Rule 16(b)(4) set forth in *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014), when analyzing good cause under Rule 6(b)(1)); *see also Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 5367027, at *3 n.6 (D.N.M. Sept. 8, 2020) (recognizing that the *Herbert* court applied the *Gorsuch* standard for good cause under Rule 16(b)(4) to the analysis of good cause under Rule 6(b)(1)); *Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *4 (D.N.M. Sept. 24, 2019) ("It is difficult to determine, based on existing Tenth Circuit precedent, whether 'good cause' has precisely the same meaning under Rules 16(b)(4) and 6(b)(1). There is some reason to believe that it does. In the unpublished *Herbert* opinion, the Tenth Circuit used the diligence standard propounded in *Gorsuch*, which was there applied explicitly to Rule 16, to define 'good cause' under Rule 6.").

[19] *Herbert*, 678 F. App'x at 701 (quotations and citation omitted); *see also Gorsuch*, 771 F.3d at 1240 (providing that the good-cause "standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts" (alteration in original) (quotations and citation omitted)).

[20] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quotations and citation omitted); *see also Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) ("Demonstrating good cause . . . requires the moving party to show that it has been diligent in attempting to meet the

party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[21] The Tenth Circuit has stated that prejudice to the nonmoving party is also a "relevant consideration."[22] However, the focus of the good-cause standard is the diligence of the party seeking the modification of the scheduling order deadline.[23] "[T]rial courts have considerable discretion in determining what kind of showing satisfies [the] good[-]cause standard."[24]

As shown below, Boulder Falcon establishes good cause for modifying the scheduling order to extend its deadline to move for leave to amend its pleadings and add new parties because it has been diligent in attempting to meet the deadline and has provided an adequate explanation for any delay. Additionally, as demonstrated below, all the Brown Defendants' arguments fail. Therefore, the court grants Boulder Falcon's motion.

The timeline recited above establishes that Boulder Falcon has been diligent in attempting to meet the relevant deadline and has provided an adequate explanation for any delay. Indeed, within a few weeks after the scheduling order was entered on March 17, 2022, Boulder

---

deadlines, which means it must provide an adequate explanation for any delay." (quotations and citation omitted)).

[21] *Tesone*, 942 F.3d at 988 (alteration in original) (quotations and citation omitted).

[22] *Id.* (quotations and citations omitted); *but see, e.g.*, *McCubbin v. Weber Cnty.*, No. 1:15-CV-132, 2017 WL 3411910, at *2 (D. Utah Aug. 7, 2017) ("'Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.'" (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)) (other citation omitted)).

[23] *Herbert*, 678 F. App'x at 701; *Gorsuch*, 771 F.3d at 1240.

[24] *Tesone*, 942 F.3d at 988 (first alteration on original) (quotations and citation omitted).

Falcon notified the Brown Defendants that it intended pursue written discovery and depositions and, soon thereafter, formally pursued that discovery. Nevertheless, Boulder Falcon faced significant obstacles in taking depositions and obtaining written discovery, none of which appear to have been entirely within its control.

With respect to the depositions, notwithstanding the Brown Defendants' initial agreement that the depositions of both Falcon Group IV and Brittany Enterprises could proceed April 26, 2022, Boulder Falcon was forced to reschedule those depositions twice because of the Brown Defendants' lead counsel's scheduling conflicts. Ultimately, the last of those depositions did not occur until May 25, 2022, leaving Boulder Falcon with only six days until its deadline for moving for leave to amend its pleadings and add new parties.

Boulder Falcon also encountered impediments to timely obtaining written discovery. As with its efforts to take the depositions, Boulder Falcon sought written discovery from both the Brown Defendants and Falcon Group IV within few weeks after the scheduling order was entered. In the end, by the May 31, 2022 deadline to move for leave to amend its pleadings and add new parties, Boulder Falcon had not received the majority of the discovery it requested from either the Brown Defendants or Falcon Group IV. Indeed, the Brown Defendants did not produce the majority of their responsive documents until after June 1, 2022, which was approximately two months after Boulder Falcon requested the documents and approximately one month after the May 5, 2022 deadline for production. Similarly, Falcon Group IV did not produce the majority of its responsive documents until after June 1, 2022, which was more than two months after Boulder Falcon requested the documents and more than a month after the April 19, 2022 deadline for production.

Given those facts, Boulder Falcon was more than diligent in attempting to meet the relevant deadline and has provided an adequate explanation for any delay. Indeed, "the need for more time was neither foreseeable nor its fault and refusing to grant the continuance would create a substantial risk of unfairness to" Boulder Falcon.[25]

Importantly, the Brown Defendants do not argue that Boulder Falcon was not diligent. Instead, the Brown Defendants argue that: (1) Boulder Falcon fails to identify any evidence it did not have at the expiration of the relevant deadline that would have assisted in its decision to move for leave to amend its pleadings and add new parties; (2) given the discovery Boulder Falcon had obtained by the deadline, and "its inability to specify what missing information it requires," "it has all the information that it needs to determine that there are no non-frivolous claims it can add to its Amended Complaint";[26] and (3) the Brown Defendants would be prejudiced by extending the relevant deadline. As shown below, each argument is unpersuasive.

The Brown Defendants' first argument fails because it is illogical. In essence, the Brown Defendants argue that Boulder Falcon should have been able to predict the content of undisclosed discovery and, based on that prediction, make an informed decision about whether to move for leave to amend its pleadings and add new parties by the May 31, 2022 deadline. That argument simply makes no sense because it was the *disclosure* of discovery—not Boulder Falcon's guess about what undisclosed discovery might contain—that would have permitted Boulder Falcon to make such an informed decision by the relevant deadline. Indeed, the Brown

---

[25] *Id.* (quotations and citation omitted).

[26] ECF No. 39 at 10 of 13.

Defendants' attempt to place the burden on Boulder Falcon to articulate the materials it encountered in late-disclosed discovery that necessitate a new, amended-pleadings deadline asks this court to establish a bad rule. And the reason that such a rule would be "bad" is because it would foster discovery gamesmanship. In essence, it would recognize that the Brown Defendants could ignore discovery deadlines placed on them and then use their delay to preclude Boulder Falcon from seeking to extend a deadline. It seems to the court, at least, that the better rule is to require the Brown Defendants to comply with their deadlines and, if they do—and if their compliance was sufficiently before the amendment deadline's expiration—then the court could rule against Boulder Falcon for not being diligent. However, asking the court to reward the Brown Defendants' failure to timely respond is a bad rule. Accordingly, the Brown Defendants' first argument fails.

The Brown Defendants' second argument misses the mark because it focuses on the overall merits of Boulder Falcon's case, which is not before the court as part of Boulder Falcon's motion to amend the scheduling order. Although the Brown Defendants' futility argument may be relevant to any potential motion for leave to amend that Boulder Falcon may file,[27] the merits of any potential claims Boulder Falcon may assert have no bearing on the court's determination of whether Boulder Falcon has established good cause to amend the scheduling order. Therefore, the Brown Defendants' second argument fails.

---

[27] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." (citation omitted)).

In their final argument, the Brown Defendants contend that they will be prejudiced if the scheduling order is amended to extend the relevant deadline because "they will be forced to defend newly added claims with a significant portion of the discovery period having passed."[28] That argument fails for several reasons. First, although prejudice is a "relevant consideration,"[29] the focus of the good-cause standard is on Boulder Falcon's diligence, and the court has already determined that Boulder Falcon has established its diligence. Second, considering prejudice, the Brown Defendants speculate that it exists because they assume that any motion for leave to amend that Boulder Falcon may file will be granted and that they will be forced to defend against any possible new claims. The decision of whether to allow amendment has yet to be raised or decided. Third, the Brown Defendants' argument assumes that it is not possible for them to move to extend the discovery period if Boulder Falcon is permitted to add new claims and parties. That issue too has yet to be raised or decided. But even if the Brown Defendants are eventually required to defend against new claims, that may rise to the level of "disappointing" but does not rise to the level of "prejudice."[30]

---

[28] ECF No. 39 at 11 of 13.

[29] *Tesone*, 942 F.3d at 988 (quotations and citations omitted).

[30] *Cf. Jarboe v. Cherry Creek Mortg. Co.*, No. 19-CV-01529-CMA-KLM, 2020 WL 5107338, at *4 (D. Colo. Aug. 28, 2020) (concluding, in the context of a Rule 15(a)(2) motion to amend, that "the 'prejudice' which arguably results from having to defend a lawsuit is not deemed to be 'undue' prejudice"); *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-CV-4007-HLT-TJJ, 2021 WL 2515025, at *4 (D. Kan. June 18, 2021) (concluding, in the context of a Rule 15(a)(2) motion to amend, that the fact "[t]hat Defendant may have more claims to defend does not establish the requisite prejudice"); *Collins v. Ace Mortg. Funding, LLC*, No. CIV.A08CV01709REBKLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (concluding, in the context of a motion to stay, that "[t]he ordinary burdens associated with litigating a case do not constitute undue burden").

## CONCLUSION AND ORDER

As shown above, Boulder Falcon establishes good cause for modifying the scheduling order to extend its deadline to move for leave to amend its pleadings and add new parties because it has been diligent in attempting to meet the deadline and has provided an adequate explanation for any delay. Additionally, all the Brown Defendants' arguments fail. Therefore, the court grants GRANTS Boulder Falcon's motion to amend the scheduling order to extend the deadline to move for leave to amend its pleadings and add new parties.[31] In its motion, Boulder Falcon asks the court to extend that deadline to July 29, 2022. Given the time required for the parties to brief and the court to decide Boulder Falcon's motion, that proposed deadline has passed. Accordingly, the court hereby extends the deadline for Boulder Falcon to move for leave to amend its pleadings and add new parties to August 17, 2022.

IT IS SO ORDERED.

DATED this 3rd day of August 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[31] ECF No. 37.