IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BOULDER FALCON, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>ROBERT BROWN, IFLYAJET, INC., and GEYER AVIATION, LLC,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND<br><br>Case No. 2:22-cv-00042-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Boulder Falcon, LLC's motion for leave to amend its complaint. ECF No. 44. The court GRANTS the motion.

Boulder Falcon's proposed Second Amended Complaint does not add any new claims or parties.[1] Indeed, it seeks to remove one of the defendants, Geyer Aviation, LLC, from this action. Boulder Falcon instead proposes to add additional allegations of fact in support of its existing claims. Defendants Robert Brown and IFLYAJET Inc. (the defendants) oppose the motion to amend, arguing (1) that the amendments are futile and (2) that Boulder Falcon has acted in bad faith.

---

[1] The proposed Second Amended Complaint formally adds a seventh claim for alter ego liability against defendant Robert Brown. But, as noted in this court's order denying defendants Brown and IFYAJET, Inc.'s motion to dismiss, ECF No. 52, the First Amended Complaint alleged an alter ago theory of liability against Brown. Thus, Boulder Falcon does not propose to add a new claim. It seeks only to augment the factual allegations supporting a theory of liability that it has already asserted in this action.

1

## ANALYSIS

"The court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

The defendants first argue that the court should deny leave to amend because the proposed amendments are futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). The defendants' futility argument is now moot.

When the defendants filed their opposition to Boulder Falcon's motion to amend, the defendants' motion to dismiss the First Amended Complaint was pending. *See* ECF No. 14. In their motion to dismiss, the defendants argued that the First Amended Complaint should be dismissed because the court lacked subject matter jurisdiction and because the complaint failed to state a claim. In their opposition to the motion to amend, the defendants asserted that the proposed amendments were futile because they would not save Boulder Falcon from their arguments that the First Amended Complaint should be dismissed. But after the defendants filed their opposition to the motion to amend, the court denied their motion to dismiss the First Amended Complaint. Because the court determined that the allegations of the First Amended Complaint were sufficient to overcome the motion to dismiss, the Second Amended Complaint—which adds additional alleged facts in support of its claims—would also survive the defendants' arguments for dismissal. Accordingly, the defendants' futility argument is, by definition, unavailing.

Next, the defendants argue that the court should deny leave to amend because it has acted in bad faith. The defendants assert that Boulder Falcon's claims are frivolous and were asserted only to harass the defendants and to avoid paying its debts. The defendants also contend that the factual allegations found in the Second Amend Complaint constitute half-truths and speculation and cannot withstand close scrutiny. In other words, the defendants argue that Boulder Falcon has acted in bad faith because the evidence will show that the defendants should prevail on all of the claims and counterclaims asserted in this action.

The defendants' bad faith arguments are not appropriate for the pleading stage of this litigation. The defendants effectively ask the court to pick the winners and losers of the claims and counterclaims asserted by the parties in this litigation and declare Boulder Falcon as the bad-faith party in this dispute. But motions to amend the pleadings "should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *Georgelas v. Call*, No. 2:16-cv-00511-RJS-PMW, 2020 WL 2043535, at *2 (D. Utah Apr. 28, 2020) (citation omitted). Accordingly, the court finds that the defendants have not met their burden of showing that Boulder Falcon acted in "bad faith" or with a "dilatory motive" by moving to amend the allegations of its complaint. *See Bylin*, 568 F.3d at 1229.

## CONCLUSION

For the reasons stated above, the court GRANTS Boulder Falcon's motion to amend its complaint. Boulder Falcon must file its proposed Second Amended Complaint within 14 days of this order.

DATED February 7, 2023.

                        BY THE COURT

                        _____

                        Jill N. Parrish
                        United States District Court Judge