# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| BOULDER FALCON, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWN, an individual; and IFLYAJET, INC., a Georgia corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00042-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are: (1) Plaintiff Boulder Falcon, LLC's ("Boulder Falcon") motion to extend fact discovery to permit it to complete certain third-party discovery;[2] (2) Defendants Robert Brown and IFLYAJET, Inc.'s (collectively, "Defendants") motion to extend fact discovery for all parties;[3] and (3) Boulder Falcon's motion for leave to file a surreply on Defendants' motion[4] and objection to Defendants' reply.[5]

---

[1] ECF No. 8.

[2] ECF No. 92.

[3] ECF No. 96.

[4] ECF No. 107.

[5] ECF No. 108.

**RELEVANT BACKGROUND**

The original scheduling order was entered in this case on March 17, 2022, which set the close of fact discovery for December 2, 2022.[6] The parties later filed a stipulated motion to amend the scheduling order to, among other things, extend the close of fact discovery to February 2, 2023.[7] The court granted that motion on October 19, 2022.[8]

On January 31, 2023, Boulder Falcon filed its motion to extend fact discovery to allow it to complete certain third-party discovery.[9] Specifically, Boulder Falcon seeks permission to continue to pursue a subpoena to Wound Pros and a subpoena to Insured Aircraft Title Service, LLC (collectively, "Subpoenas"). In response, Defendants state that they "do not specifically oppose the relief sought in [Boulder Falcon's motion]" but request that any extension of fact discovery apply to all parties, not just Boulder Falcon.[10]

Consistent with that position, Defendants filed their motion to extend fact discovery for all parties on February 2, 2023.[11] Defendants contend that an extension of fact discovery is necessary because of: (1) the procedural posture of this case; (2) Boulder Falcon's January 24, 2023 production of documents; and (3) Boulder Falcon's failure to produce the text messages of its president, Jeffrey M. Vitek ("Mr. Vitek"). Boulder Falcon opposes Defendants' motion.[12]

---

[6] ECF No. 28.

[7] ECF No. 54.

[8] ECF No. 57.

[9] ECF No. 92.

[10] ECF No. 95 at 2 of 7.

[11] ECF No. 96.

[12] ECF No. 99.

After Defendants filed their reply in support of their motion, Boulder Falcon filed its motion for leave to file a surreply on Defendants' motion.[13] Boulder Falcon contends that it should be permitted to file a surreply to address evidence and argument that Boulder Falcon claims were raised for the first time in Defendants' reply. Boulder Falcon also filed an objection under DUCivR 7-1(b)(3) to that evidence and argument contained in Defendants' reply.[14] Defendants responded to Boulder Falcon's objection[15] and motion for leave to file a surreply,[16] arguing that the objection should be overruled and that the motion should be denied.

## ANALYSIS

Based upon the following analysis, the court: (I) grants Boulder Falcon's motion to extend fact discovery to permit Boulder Falcon to pursue the Subpoenas; (II) grants in part and denies in part Defendants' motion to extend fact discovery for all parties; (III) denies Boulder Falcon's motion for leave to file a surreply on Defendants' motion and overrules Boulder Falcon's objection to Defendants' reply; and (IV) orders the parties to appear at discovery status conferences every two weeks until fact discovery is completed. Each issue is addressed in turn below.

### I. The Court Grants Boulder Falcon's Motion to Extend Fact Discovery to Allow Boulder Falcon to Pursue the Subpoenas.

The court grants Boulder Falcon's motion to extend fact discovery to permit Boulder Falcon to pursue the Subpoenas because Defendants have not substantively opposed the motion.

---

[13] ECF No. 107.
[14] ECF No. 108.
[15] ECF No. 112.
[16] ECF No. 113.

Indeed, Defendants state that they "do not specifically oppose the relief sought in [Boulder Falcon's motion]."[17] Additionally, Defendants have not filed any motions to quash the Subpoenas. Therefore, the court grants Boulder Falcon's motion and permits Boulder Falcon to continue to pursue the Subpoenas. However, Boulder Falcon must complete that third-party discovery by no later than May 31, 2023.

Boulder Falcon also indicates that it has stipulated to Defendants completing certain Fed. R. Civ. P. 30(b)(6) depositions after the fact discovery deadline. Although the court will permit those depositions to go forward beyond the close of fact discovery in this instance, the court notes that the parties' informal stipulation was not valid unless approved by court order.[18] The parties are directed to comply with Rule 29(b) and DUCivR 83-6 for any relevant future stipulations. Consistent with the deadline for Boulder Falcon's pursuit of the Subpoenas, Defendants' Rule 30(b)(6) depositions must be completed by no later than May 31, 2023.

## II. The Court Grants in Part and Denies in Part Defendants' Motion to Extend Fact Discovery for All Parties.

Defendants contend that an extension of fact discovery is necessary for all parties because: (A) the procedural posture of this case requires additional discovery; (B) additional discovery is required based upon Boulder Falcon's January 24, 2023 production; and (C) Boulder

---

[17] ECF No. 95 at 2 of 7.

[18] Fed. R. Civ. P. 29(b) (providing that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial"); DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court.").

Falcon has failed to produce Mr. Vitek's text messages. Below, the court first sets forth the relevant legal standard, then addresses each basis for Defendants' motion.

Defendants' motion is governed by Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Additionally, Fed. R. Civ. P. 6(b)(1)(A) provides that "the court may, for good cause," extend a deadline if "a request is made . . . before the original time or its extension expires." "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[19] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[20]

    A. <u>The Procedural Posture of This Case Does Not Constitute Good Cause to Extend Fact Discovery</u>.

Defendants fail to demonstrate how the procedural posture of this case translates into good cause to extend fact discovery. Defendants assert that rulings on certain pending motions "*may* require additional discovery."[21] However, Defendants fail to show—or even argue—how such an indefinite need for additional discovery constitutes good cause to extend fact discovery. Consequently, the court rejects Defendants' argument.

---

[19] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[20] *Id.* at 701 (quotations and citation omitted).

[21] ECF No. 96 at 5 (emphasis added).

    B.  <u>Boulder Falcon's January 24, 2023 Production Provides Good Cause for Extending Fact Discovery for Limited Purposes</u>.

Defendants contend that Boulder Falcon's January 24, 2023 production of two emails and four versions of the Shared Ownership Agreement at issue in this case ("Agreement") warrants an extension of fact discovery because: (1) Boulder Falcon produced versions of the Agreement on January 24, 2023, that were different from the versions produced in August 2022; and (2) the produced emails contain previously undisclosed information concerning the Agreement and a delivery notification for the executed Agreement. As demonstrated below, Defendants' first argument fails, but their second argument succeeds.

    1.  <u>Defendants Fail to Show Good Cause to Extend Fact Discovery Based Upon Boulder Falcon's Production of Different Versions of the Agreement</u>.

Defendants fail to show good cause to extend fact discovery based upon Boulder Falcon's production of different versions of the Agreement because Defendants do not articulate the specific discovery they need with respect to the different versions of the Agreement. Instead, Defendants claim in a conclusory fashion that the different versions of the Agreement "warrant further discovery"[22] and that "[n]o such specificity is required."[23] Defendants' argument fails. Without an explanation of the discovery sought, the court could never be able to determine whether the party seeking to extend fact discovery established good cause (i.e., was diligent in obtaining that discovery during the fact discovery period). Further, courts, including another court in this district, have held that a party moving to extend fact discovery must explain the

---

[22] *Id*. at 7.

[23] ECF No. 105 at 5 of 13.

6

discovery to be completed during any extended fact discovery period.[24] Accordingly, Defendants fail to show good cause to extend fact discovery based upon Boulder Falcon's January 24, 2023 production of different versions of the Agreement.[25]

---

[24] *Heart v. Ind. Transp., Inc.*, No. 2:15-CV-00058-DN-DBP, 2016 WL 3079710, at *3 (D. Utah May 31, 2016) (denying request to extend the fact discovery deadline because, aside from general assertions about the need for additional discovery, the defendants made "no further effort to explain their request for additional discovery" and did "not propose any particular discovery"); *see also, e.g.*, *Walker v. Barnett*, 484 F. Supp. 3d 683, 692 (D.S.D. 2020) ("To establish good cause for an extension of discovery, the movant must—at minimum—itemize the necessary discovery and explain they were not able to complete that discovery in the time allotted." (quotations and citation omitted)); *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 286 F.R.D. 423, 425 (N.D. Iowa 2012) (same).

[25] Defendants also argue that an extension of fact discovery is warranted because the versions of the Agreement Boulder Falcon produced in August 2022 have different metadata dates than those produced on January 24, 2023. That argument fails because, again, Defendants do not articulate the specific discovery they need with respect to the different versions of the Agreement. Furthermore, the fact that the produced versions of the Agreement have different metadata dates can be easily explained. The metadata dates on the versions of the Agreement produced in August 2022 correspond to the dates of the emails to which those versions of the Agreement were attached. Comparatively, the versions of the Agreement Boulder Falcon produced on January 24, 2023, were copied from another source and presumably have metadata dates corresponding to the dates on which they were created. In short, the mere fact that the metadata dates on the versions of the Agreement are different does not mean—as Defendants contend—that words in each Agreement are necessarily different. Moreover, Defendants do not specifically dispute Boulder Falcon's contention that the versions of the Agreement produced by Boulder Falcon on January 24, 2023, are substantively identical to the versions of the Agreement that Defendants previously received in discovery. Finally, the court will not allow "discovery on discovery" to determine why these versions were not turned over sooner on a record as weak as this. *Cf. Freedman v. Weatherford Int'l Ltd.*, No. 12 CIV. 2121 LAK JCF, 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014) (denying the plaintiffs' motion to compel seeking "discovery on discovery" and stating that although "[t]here are circumstances where such collateral discovery is warranted," "the plaintiffs have not proffered an adequate factual basis for their belief that the current production is deficient").

      2. <u>Defendants Have Shown Good Cause for Extending Fact Discovery for the Limited Purpose of Deposing Certain Individuals Identified in the Emails Boulder Falcon Produced on January 24, 2023</u>.

    Defendants have demonstrated good cause to extend fact discovery for the limited purpose of deposing three individuals identified in the emails Boulder Falcon produced on January 24, 2023. In one of the emails, an individual named Shanae Boully ("Ms. Boully") is identified as having a role in sending the executed Agreement to Mr. Vitek and another Boulder Falcon employee. According to Defendants, this is the first time they learned of Ms. Boully's involvement in the handling of the executed Agreement. Given Boulder Falcon's disclosure of Ms. Boully's involvement on January 24, 2023, Defendants could not have deposed her prior to the February 2, 2023 fact discovery deadline. Similarly, one of the emails identifies Tammy Sill ("Ms. Sill") and an individual named "Mike" as being involved with a delivery notification for the executed Agreement. Again, given Boulder Falcon's disclosure of Ms. Sill's and "Mike's" involvement with the delivery notification near the fact discovery deadline, Defendants could not have deposed those two individuals prior to that deadline.

    Because Defendants' ability to depose those three individuals prior to the expiration of the fact discovery deadline was out of Defendants' control, Defendants have established good cause to extend the fact discovery deadline for the limited purposes of deposing: (1) Ms. Boully with respect to her involvement with the executed Agreement; and (2) Ms. Sill and "Mike" concerning their involvement with the delivery notification for the executed Agreement. If Defendants choose to pursue those depositions, they must be completed by no later than May 31, 2023.

      C. <u>Defendants Fail to Show Good Cause to Extend Fact Discovery Based Upon Boulder Falcon's Failure to Produce Mr. Vitek's Text Messages</u>.

Defendants have not shown good cause for extending fact discovery based upon Boulder Falcon's failure to produce Mr. Vitek's text messages because Defendants failed to timely seek court intervention to remedy that failure. Defendants cannot use Boulder Falcon's failure to comply with a discovery request to show good cause to extend fact discovery because they had ample time to seek compelled production of Mr. Vitek's text messages. According to Defendants, Mr. Vitek's text messages are responsive to at least one of their requests for production of documents, which were served on Boulder Falcon on June 6, 2022.[26] Additionally, Defendants claim that Mr. Vitek agreed to produce his text messages during his November 17, 2022 deposition.[27] Thus, at the latest, Defendants were on notice soon after the date of Mr. Vitek's deposition that he had not produced his text messages, yet Defendants do not contend that they sent a "prompt written communication" to Boulder Falcon concerning that failure, as required by DUCivR 37-1(a)(2). Further, even if Defendants had sent such a written communication, they did not file any short form motion to compel within 45 days of a date that would be considered "prompt" for the written communication and did not move for an extension of that deadline for good cause, as required by DUCivR 37-1(b)(2)(C). Defendants cannot save up their purported "discovery abuse" chips and cash them in to obtain an extension of fact discovery when the only thing such "chips" can buy is a timely motion to compel. Consequently, Defendants' motion to

---

[26] ECF No. 96-2.
[27] ECF No. 96-6.

extend fact discovery for all parties is granted in part and denied in part. Defendants are granted an extension of fact discovery for the limited purposes stated previously.

### III. The Court Denies Boulder Falcon's Motion for Leave to File a Surreply on Defendants' Motion and Overrules Boulder Falcon's Objection to Defendants' Reply.

Although a close call, the court denies Boulder Falcon's motion for leave to file a surreply on Defendants' motion and overrules Boulder Falcon's objection to Defendants' reply because the relevant arguments and evidence contained in Defendants' reply were sufficiently raised either in Defendants' motion or in rebuttal to Boulder Falcon's opposition to Defendants' motion. The United States Court of Appeals for the Tenth Circuit has stated that

> [g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. If the district court does not rely on the new material in reaching its decision, however, it does not abuse its discretion by precluding a surreply. "Material," for purposes of this framework, includes both new evidence and new legal arguments.[28]

However, when evidence and argument set forth in the reply are limited to matters raised in the opposition, the court may deny leave to file a surreply.[29]

Boulder Falcon argues that Defendants' reply improperly asserted new arguments and relied upon new evidence concerning the two emails contained Boulder Falcon's January 24, 2023 production and the metadata dates for the different versions of the Agreement. Although both of those issues could have been briefed more adequately in Defendants' motion, the court

---

[28] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (quotations and citations omitted).

[29] *See, e.g.*, *United States v. RaPower-3, LLC*, No. 2:15-CV-00828-DN, 2020 WL 5531563, at *18 (D. Utah Sept. 15, 2020); *Tucker v. United States*, No. 2:12CV409 DAK, 2013 WL 3776272, at *2 (D. Utah July 17, 2013).

concludes, by a slim margin, that the issues were sufficiently raised either by Defendants' motion or in rebuttal to Boulder Falcon's opposition. Therefore, the court denies Boulder Falcon's motion for leave to file a surreply on Defendants' motion and overrules Boulder Falcon's objection to Defendants' reply.[30]

IV. **The Court Orders the Parties to Appear at Discovery Status Conferences Every Two Weeks Until Fact Discovery Is Completed.**

Given the acrimonious nature of the parties' conduct during discovery in this case, the court orders the parties to appear at discovery status conferences via Zoom every two weeks until fact discovery is completed. This is consistent with the Advisory Committee's Note to the 2000 Amendments to Fed. R. Civ. P. 26, which provides that the amendments were "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." It is also consistent with approaches taken by other courts when faced with contentious discovery.[31] At each status conference, the court will request a discovery progress update and

---

[30] As a final matter, the court addresses Defendants' conclusory arguments in their reply that Boulder Falcon spoliated evidence and is "playing discovery cat and mouse." ECF No. 105 at 4 of 13. Understandably, Boulder Falcon objected to those arguments in its motion for leave to file a surreply. In response to that motion, Defendants contend that their arguments concerning spoliation made clear that they would be seeking spoliation sanctions by way of separate motion and did not ask for a ruling on that issue here. Defendants also indicate that they "have no objection to [the court] disregarding Defendants' statement regarding spoliation or [their] statement that Boulder [Falcon] is playing discovery cat and mouse." ECF No. 113 at 3 of 6. Regardless of Defendants' concession, the court did not consider their gratuitous inclusion of those conclusory allegations, which was both unnecessary and inappropriate.

[31] *Tadayon v. Greyhound Lines, Inc.*, No. CIV. 10-1326 ABJ/JMF, 2012 WL 2048257, at *6 (D.D.C. June 6, 2012) (ordering the parties to attend telephonic status conferences every two weeks so that the court could "ask the parties about their progress (or lack thereof) and try to resolve any disagreements they have"); *Pac. Coast Steel v. Leany*, No. 2:09-CV-02190-KJD, 2011 WL 4572008, at *1 (D. Nev. Sept. 30, 2011) (noting that "[t]he court has been conducting regular case management and dispute resolution conferences in this case, and has resolved a

attempt to resolve any discovery disputes that arise. The court will schedule the first discovery status conference by way of separate order.

## ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Boulder Falcon's motion to extend fact discovery to permit Boulder Falcon to complete certain third-party discovery[32] is GRANTED.

2. Defendants' motion to extend fact discovery for all parties[33] is GRANTED IN PART AND DENIED IN PART.

3. All additional discovery permitted through this Memorandum Decision and Order must be completed by May 31, 2023.

4. Boulder Falcon's motion for leave to file a surreply on Defendants' motion[34] is DENIED.

5. Boulder Falcon's objection to Defendants' reply[35] is OVERRULED.

6. The parties must appear at discovery status conferences via Zoom every two weeks until fact discovery is completed. The court will schedule the first discovery status conference by way of separate order.

---

large number of the parties' discovery disputes on an ongoing basis without the necessity of formal briefing on the parties' Joint Status Reports").

[32] ECF No. 92.
[33] ECF No. 96.
[34] ECF No. 107.
[35] ECF No. 108.

IT IS SO ORDERED.

DATED this 12th day of April 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge