IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BOULDER FALCON, LLC, a Utah limited liability company,<br><br>                 Plaintiff,<br>v.<br><br>ROBERT BROWN, an individual, and IFLYAJET, INC., a Georgia corporation<br><br>                 Defendants,<br>v.<br><br>BOULDER FALCON, LLC, a Utah limited liability company, BOULDER VENTURES DEVELOPMENT, INC., a Utah corporation, and JEFFREY M. VITEK, an individual,<br><br>                 Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF AND COUNTERLCAIM DEFENDANTS' MOTION FOR JUDICIAL NOTICE**<br><br>Case No. 2:22-cv-00042-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff and Counterclaim Defendant Boulder Falcon, LLC ("Boulder Falcon"), and Counterclaim Defendants Boulder Ventures Development, Inc. ("Boulder Ventures") and Jeffrey M. Vitek ("Vitek") move the court to take judicial notice of certain regulations promulgated by the Federal Aviation Administration ("FAA"), certain FAA publications, and the fact that the aircraft at issue in this case ("Aircraft") weighs more than 12,500 pounds. ECF No. 234 ("Pl.'s Mot.") For the reasons set forth herein, the court **GRANTS** Plaintiff's motion.

## LEGAL STANDARD

A court may take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial courts territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

FED. R. EVID. 201. "Judicial notice permits a judge to accept a matter as proved without requiring the party to offer evidence of it." *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (internal quotation marks omitted). "The court may take judicial notice at any stage of the proceeding," and *must* take judicial notice if a party requests it and supplies the court with the necessary information. FED. R. EVID. 201.

## ANALYSIS

Plaintiff and Counterclaim Defendants move the court to take judicial notice of (1) certain FAA regulations, (2) certain FAA publications, and (3) the weight of the Aircraft in dispute. The court addresses each fact in turn.

### I. FAA REGULATIONS

Plaintiff moves the court to take judicial notice of the following FAA regulations:

- 14 C.F.R. § 1.1, Definition of "Large aircraft": "Large aircraft means aircraft of more than 12,500 pounds, maximum certificated takeoff weight."

- 14 C.F.R. § 47.5(b) & (d): "(b) An aircraft may be registered only by and in the legal name of its owner . . . . (d) In this part, 'owner' includes a buyer in possession, a bailee, or a lessee of an aircraft under a contract of conditional sale, and the assignee of that person."

- 14 C.F.R. § 91.23: Truth-in-leasing clause requirement in leases and conditional sales contracts;

- 14 C.F.R. § 91.321: Carriage of Candidates in Elections;

- 14 C.F.R. § 91.501: Applicability;

- 14 C.F.R. § 91.1001: Applicability;

- 14 C.F.R. § 91.1003: Management contract between owner and program manager;

- 14 C.F.R. § 91.1005: Prohibitions and limitations;

- 14 C.F.R. § 91.1007: Flights conducted under part 121 or part 135 of this chapter;

- 14 C.F.R. § 91.1009: Clarification of operational control;

- 14 C.F.R. § 110.2: Definition of "wet lease": "Wet lease means any leasing arrangement whereby a person agrees to provide an entire aircraft and at least one crewmember. A wet lease does not include a code-sharing arrangement.";

- 14 C.F.R. § 119.1: Applicability;

- 14 C.F.R. § 119.33: General Requirements; and

- 14 C.F.R. § 135.1: Applicability.

Pl.'s Mot. at 5-6.

The court is required to take judicial notice of regulations published in the Federal Registrar that are relevant to the issues presented in the case. *See* 44 U.S.C. § 1507; *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980) ("Judicial notice must be taken of relevant contents of the Federal Register. This is by statute 44 U.S.C. § 1507. That the courts are allowed to take judicial notice of statutes is unquestionable. Furthermore the statute allows the taking of judicial notice of the regulations.") Here, the alleged contract in the dispute requires the Manager, Defendant Robert Brown, to ensure the Group's compliance with FAA regulations. ECF No. 100-1 ("Shared Ownership Agreement") at 2. Therefore, FAA regulations that allegedly applied to Defendants in this case are directly relevant to Plaintiff's breach of contract claim.

Although Defendants rightfully argue that FAA regulations do not define aircraft ownership, the regulations do define ownership for purposes of registration requirements. FAA registration requirements are relevant because the alleged contract requires the Manager to "take all actions which may be necessary or appropriate . . . for the continuation of the Group's valid existence as a registered owner[] of the aircraft . . . ." *Id*. Plaintiff argues that Brown breached this provision of the contract by failing to properly register Plaintiff as an owner of Falcon with the

3

FAA. Thus, FAA regulations defining who is considered an "owner" for purposes of registration are relevant to Plaintiff's breach of contract claim.

Plaintiff also argues that Parts 91 and 135 of the Federal Aviation Regulations are relevant because they suggest that Brown's characterization of the arrangement between the parties would be illegal, thereby undermining Brown's allegation that the Shared Ownership Agreement was not an enforceable contract. *See* Pl.'s Mot. at 4-5. The court agrees. If Brown's characterization of the agreement is illegal, the jury may find it not to be credible. FAA regulations are thus relevant to determining whether a written contract existed between the parties. Accordingly, the court takes judicial notice of all federal regulations proposed by Plaintiff. *See* Pl.'s Mot. at 5-6.

## II.      FAA PUBLICATIONS

Plaintiff also requests the court take judicial notice of FAA Advisory Circulars ("AC") published to assist non lawyers in navigating FAA regulations. Plaintiff argues these publications would be useful to aiding the jury in understanding the FAA's complicated regulatory framework. Specifically, Plaintiff requests the court take judicial notice of (1) AC No. 91-37B, Truth in Leasing and (2) AC No. 91-84, Fractional Ownership Programs.

Like federal regulations, the contents of an agency's publicly available files that are relevant to the parties' arguments generally qualify for judicial notice. *See W. Watersheds Project v. Interior Bd. of Land Appeals*, 92 F.4th 1293, 1295 n.1 (10th Cir. 2023). For the same reasons stated above, the court finds the FAA's advisory circulars are relevant to the jury's task of determining Plaintiff's breach of contract claim. The FAA's guidance on applicable regulations can aid the jury in understanding how these regulations apply to the facts of the case and whether the parties' description of their arrangement is credible. Thus, the court takes judicial notice of AC No. 91-37B, Truth in Leasing, and AC No. 91-84, Fractional Ownership Programs.

### III.    AIRCRAFT WEIGHT

Finally, Plaintiff moves for the court to take judicial notice of the fact that the Aircraft in question is "a large aircraft with a maximum takeoff weight of more than 12,500 [lbs]." Pl.'s Mot. at 8. Both parties agree the Aircraft is a Dassault Falcon 50. Plaintiff references Dassault Aviation's website, which provides data and characteristics for its aircraft.

Courts commonly take judicial notice of reliable online information, particularly when it pertains to the entity that owns the website providing it. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *see also Schaffer v. Clinton*, 240 F.3d 878, 885 n.8 (10th Cir. 2001). In *O'Toole*, the Tenth Circuit held that the district court abused its discretion by failing to take judicial notice of earnings history provided by the defendant on their website. *See id.*

Similarly, Dassault Aviation offers information about the various aircraft models it manufactures, including the Falcon 50. According to their website, the maximum takeoff weight of the Falcon 50 is 17,600 kg, which is approximately 38,801 lbs. *See Falcon 50 Datasheet*, DASSAULT AVIATION, available at https://www.dassault-aviation.com/en/passion/aircraft/civil-dassault-aircraft/falcon-50/ (last visited Oct. 11, 2024). Here, the maximum takeoff weight of the Aircraft can be accurately determined and the source of the information, Dassault Aviation, cannot be reasonably questioned.

FAA regulations define a large aircraft as an "aircraft of more than 12,500 pounds, maximum certificated takeoff weight." 14 C.F.R. § 1.1. Consequently, the court takes judicial notice that the Aircraft is categorized as a large aircraft under FAA regulations with a maximum takeoff weight of more than 12,500 lbs.

## CONCLUSION & ORDER

For the foregoing reasons, the court **GRANTS** Plaintiff's motion for judicial notice. The court takes judicial notice of the following FAA regulations: 14 C.F.R. §§ 1.1, 47.5, 91.23, 91.321, 91.501, 91.1001, 91.1003, 91.1005, 91.1007, 91.1009, 110.2, 119.1, 119.33, 135.1. The court also takes judicial notice of FAA Advisory Circulars, AC No. 91-37B and AC No. 91-84, and that the Aircraft in dispute is categorized as a large aircraft under Federal Aviation Regulations with a maximum takeoff weight of more than 12,500 lbs.

DATED October 24, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge