IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BOULDER FALCON, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BROWN, an individual, and IFLYAJET, INC., a Georgia corporation<br><br>Defendants,<br><br>v.<br><br>BOULDER FALCON, LLC, a Utah limited liability company, BOULDER VENTURES DEVELOPMENT, INC., a Utah corporation, and JEFFREY M. VITEK, an individual,<br><br>Counterclaim Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PERMIT REGISTRATION IN OTHER DISTRICTS<br><br><br>Case No. 2:22-cv-00042-JNP-JCB<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Boulder Falcon, LLC, brings this motion to permit it to register a judgment, including costs, and an order granting attorney fees, in other districts. ECF No. 326 ("Pl.'s Mot."); ECF No. 295 ("Judgement"); ECF No. 317 ("Att'y Fees Order"); ECF No. 318 ("Taxation of Costs"). For the reasons discussed below, this motion is GRANTED.

**BACKGROUND**

This case arises from a dispute where Robert Brown and IFLYAJET, Inc., sold a private jet owned in part by Boulder Falcon. Att'y Fees Order at 1–2. A jury concluded that Defendants were liable to Boulder Falcon for $1,600,000 for breach of contract and conversion. ECF No. 290

("Jury Verdict") at 2–5. The court entered judgment against defendants reflecting this liability. Judgement. The Judgment includes an additional $21,333.13 in costs. Taxation of Costs at 6; 28 U.S.C. § 1920 (providing that the fees taxed by the clerk of the court may be included in the judgment). After the Judgment, the court issued an order requiring Defendants to pay Boulder Falcon $1,424,619.50 for attorney fees. Att'y Fees Order at 14. Defendants are currently appealing both the Judgment and the attorney fees Order. ECF No. 319 ("Notice of Appeal").

Boulder Falcon brings this motion to permit it to register the Judgment and the attorney fees Order in any other district pursuant to 28 U.S.C. § 1963. Pl.'s Mot. Registration would enable Boulder Falcon to begin collection immediately in other districts unless Defendants provide security. *Id.* at 3; Fed. R. Civ. P. 62. Boulder Falcon argues that there is sufficient good cause under § 1963 to permit it to register, notwithstanding the pending appeal, because it will likely be unable to recover from Defendants in Utah. Pl.'s Mot. at 2; ECF No. 331 ("Pls.' Reply"). Defendants oppose this motion, primarily arguing that Boulder Falcon has not met its burden of showing that Defendants lack assets in Utah. ECF No. 328 ("Defs.' Resp.") at 2.

## DISCUSSION

"A judgment in an action for the recovery of money or property entered in any . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or *when ordered by the court that entered the judgment for good cause shown*." § 1963 (emphasis added). Here, the

relevant judgment and order are currently being appealed, so Boulder Falcon can only obtain permission to register under § 1963 if there is good cause.[1]

Boulder Falcon primarily argues for good cause on the grounds that denying its motion would lead to "[d]efendants . . . unreasonably benefit[ing] from a de facto stay of enforcement during the pendency of appeal without having to provide the security required by [Federal] Rule [of Civil Procedure] 62." Pl.'s Mot. 2. Boulder Falcon likely needs to register its Judgment and Order in other jurisdictions to recover from Defendants because it appears that they have no assets in Utah. *Id.* at 4–5. Consequently, if registration is delayed until after the appeal is completed—as is normally required—Defendants would face a similar delay in recovery. But under Rule 26(b), a party is only entitled to a stay enforcement proceeding during an appeal when it provides security. Thus, Defendants appear to be able to exploit geography to receive all the benefits of a Rule 26(b) stay without having to provide the corresponding security. To avoid this unfair outcome, Boulder Falcon argues it has good cause to register earlier. *Id.* at 6–7. This would ensure that Boulder

---

[1] There is a complication about whether the attorney fees Order qualifies as a judgment for the purposes of § 1963. The statutory provision only applies to judgments, so the Order must be a judgment to be eligible for registration. Neither party discussed this issue, but the court ultimately concludes that the Order is a judgment for the purposes of registration.

Although the statutory scheme does not define judgment in this context, the Federal Rules of Civil Procedure define judgment to include "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Under this definition, the Order is clearly a judgment because it is appealable. *See* 28 U.S.C. § 1291 (providing broad appellate jurisdiction for "final decisions of the district courts"); *RMA Ventures California v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) ("[A] decision on the merits and a decision on attorneys' fees are considered separate, final decisions of the district court, subject to appeal under 28 U.S.C. § 1291."). *See also Cianbro Corp. v. George H. Dean, Inc.*, 749 F. Supp. 2d 1, 2 (D. Me. 2010) (similarly finding that orders granting attorney fees are certifiable judgments under § 1963). However, the court is unaware of any binding authority directly reaching this conclusion—or even finding that Rule 54(a)'s definition of judgment applies to § 1963.

Falcon at least gets the benefit of security if Defendants try to delay enforcement of the Judgment and the Order during the appeal. Numerous cases have used this reasoning to find good cause for early registration. *See City of Fort Collins v. Open Int'l, LLC*, No. 1:21-CV-02063-CNS-SBP, 2025 WL 358033, at *3 (D. Colo. Jan. 31, 2025) (collecting cases).

Additionally, Boulder Falcon points to the fact that it has "recently learned . . . that [d]efendants have 'restructured' businesses and may have reduced or eliminated fractional ownership interest in airplanes." Pl.'s Mot. at 6. This creates a worry that "[d]efendants may be attempting to shield assets from collection." *Id.* This worry is heightened by the underlying facts of the case, where Defendants were found liable for unlawfully transferring an aircraft that was partially owned by Boulder Falcon. *Id.* All this suggests that Boulder Falcon should be able to enforce this court's Judgment and Order sooner rather than later—or, in the alternative, receive security—to ensure that it can still meaningfully exercise its rights.

In response, Defendants argue that Boulder Falcon has not provided any direct evidence that Defendants lack assets in Utah. They emphasize at length that the evidence that Boulder Falcon marshals—such as the fact Defendants are based in Georgia and the absence of any evidence suggesting ties to Utah during litigation—does not directly prove whether Defendants lack assets in Utah. Defs.' Resp. at 4–5; Pl.'s Mot. at 5. Defendants also assert that Boulder Falcon "made no effort to prove to the [c]ourt that [they] lack assets in Utah." Defs.' Resp. at 2. This would require Boulder Falcon to prove a negative, and it is unclear what kind of proof Boulder Falcon can be expected to give at this stage, with discovery long since closed. Notably, Defendants make no representations that they have any assets in Utah. Nor do they attempt to explain this conspicuous omission.

Defendants' argument ultimately falters because there is no reason to think that Boulder Falcon must establish that Defendants lack assets in Utah to any high degree of certainty. Many cases apply a much more relaxed standard. *See, e.g.*, *Hafen v. Howell*, No. 2:19-cv-813-TC, 2023 U.S. Dist. LEXIS 200268, at *3 (D. Utah Nov. 7, 2023) (finding good cause because a judgment creditor did not contest "that the bulk of their assets" were in a different district); *FT Glob. Capital, Inc. v. Future Fintech Grp., Inc.*, No. 1:21-cv-00594-JPB, 2024 U.S. Dist. LEXIS 157288, at *3 (N.D. Ga. May 21, 2024) (noting that courts generally find good cause when a party has "no *known* assets sufficient to satisfy the judgment in the rendering district and assets exist in other districts") (emphasis added). Defendants do not point to any authority holding that a more demanding standard is required.

Insofar as the good cause standard is "highly flexible . . . [and] designed to accommodate all relevant interests as they arise," it makes little sense to require Boulder Falcon to go through a detailed and likely expensive investigation into where Defendants' assets are located—especially in a case like this where Defendants do not even suggest that they have any assets in Utah. *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quoting *United States v. Microsoft Corp.,* 165 F.3d 952, 959 (D.C. Cir.1999)). This conclusion is buttressed by the fact that early registration is unlikely to cause significant, if any, undue prejudice to Defendants. They remain able to stay enforcement of the judgments during the appeal under Rule 26(b) if they are willing to provide security. This standard arrangement, where parties attain the benefits of a stay but only if they offer assurance in the form of security, strikes the court as abundantly fair—and Defendants do not explain why it should not apply to them.

Moreover, the good cause analysis should be informed by the heightened risk that Defendants may attempt to shield assets from recovery. Even if in normal circumstances Boulder

Falcon could be expected to present more evidence concerning Defendants' assets in Utah, any evidentiary requirements should be relaxed in circumstances like this where time likely is of the essence. There is no reason to further delay Boulder Falcon's registration and increase the risk that it will lose out on its right to compensation when the circumstantial evidence already suggests that Defendants have no assets in Utah and Defendants do not even suggest otherwise.

The court thus concludes that there is sufficient good cause for its Judgment and Order to be registered in any other district under § 1963.

## CONCLUSION AND ORDER

For the reasons above, the court GRANTS Boulder Facon's motion to permit it to register the court's Judgment and Order awarding attorney fees in any other district.

DATED October 21, 2025

BY THE COURT

Jill N. Parrish
United States District Court Judge